(No. 2535—

MARY W. SCHAFFENACKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1936.*

TRAPP & TRAPP and FRED I. EDGELL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On October 16, 1933 William G. Schaffenacker, husband of claimant, was employed by respondent through the Department of Public Welfare, at the Lincoln State School and Colony. According to the complaint filed herein, his employment was as farm manager at the farm that constituted a part of the Lincoln State School and Colony and his duties consisted in the overseeing of the farm and the managing thereof, including the dairy, hog and horse barns, fields,

truck gardens, the preservation and use of farm properties, and the growing and the harvesting of grain and all other products raised on said farm; that in the performance of his duties he daily inspected the barns, pastures, gardens, fields and offices of the farm, and that on the said date of October 16, 1933 while in the course of his duties in such inspection work, in attempting to climb over a wire fence he tripped and fell on his left side and received injuries from and as a result of which he died on the 2nd day of November, A. D. 1933. Claimant files her suit as the legally dependent wife of deceased.

Wages in full were paid to William G. Schaffenacker for the full period of his employment and up until the time of his death on November 2, 1933. Claim for compensation under the Workmen's Compensation Act for Four Thousand ($4,000.00) Dollars was filed November 2, 1934.

The Attorney General contends on behalf of respondent that the death of claimant did not result from an accident which arose out of and in the course of his employment; further the claim shows on its face that the application for compensation was not made within one year after the accident and is therefore in conflict with Section 24 of the Workmen's Compensation Act. In connection with this objection the court finds that the payment of the amount due deceased for wages in full up to the time of his death on November 2nd does not constitute a payment of compensation as defined under the Workmen's Compensation Act. This being the case, the claim is subject to dismissal as not having been filed within one year after the accident complained of.

In Claimant's Statement, Brief and Argument, counsel contend that this court should not take cognizance of the limitation of the Workmen's Compensation Act but should give regard to the latter only so far as it relates to matters of procedure. We believe counsel have misconstrued the meaning of the wording used in *Menestrina* vs. *St. Louis National Stock Yard*, 278 Ill. App. 342, p. 346, where it states:

"It is apparent that the Legislature designed that such demands were only cognizable before, and by, the Court of Claims, and that the procedure therein should be as near as might be, that employed under the Workmen's Compensation Act, which should not otherwise apply."

The words, "which should not otherwise apply" refer to the "Workmen's Compensation Act" as a whole, meaning

that except for the action by the Legislature the Act would not otherwise apply to State employees; and second, making it cognizable by the Court of Claims instead of by the Industrial Commission.

This court has definitely held that in its consideration of claims by State employees for injuries suffered in the course of their employment, the determination thereof, as prescribed under *Section 6* of the *Court of Claims Act* will be made in accordance with the rules prescribed in the Act commonly called the *Workmen's Compensation Act.* In thus determining the rights of the parties, the court does not consider that it has discretionary power to say that it will observe a portion of the rules laid down by the Workmen's Compensation Act, and ignore others, but will, in determining such rights, be controlled by all of the rules set forth in that Act; insofar as possible.

A careful examination of the record raises serious doubt as to whether the death of William G. Schaffenacker on November 2nd can be attributed to or connected with the accidental fall that he suffered on October 16th. One of the witnesses, William Sanders, testified that he was one of the herdsmen and was with deceased at the time he received his fall on October 16th; that in his opinion he received no injury about the head; that deceased had caught his toe in the wire and fell over backwards and "kinda sat down, and said that he hurt one of his testicles." Dr. Armstrong, a veterinarian who was with Schaffenacker at the time of his fall, stated that the latter fell on his side; that he did not fall on his head and that after his fall he indicated the pain he had incurred by putting his hands on the umbilical region of the abdomen.

Dr. Frank M. Hagans testified that he was Mr. Schaffenacker's family physician, and that in his opinion the cause of his death was cerebral embolism or a clot on the brain. "Probably the result of the fall, breaking the vegetation from the valves of the heart; that he weighs about 240 or 250 pounds; that he had previously had chronic endocarditis, causing vegetation to be formed about the valves of the heart and that the blood clot on the brain could have been a sequence of a fall."

Dr. George E. Rooney was the staff doctor at the Lincoln State School and Colony and in a report dated March 28,

1936, also stated that the cause of death was given as cerebral thrombosis and that as the stroke did not occur for several days after Mr. Schaffenacker's fall, he did not consider it had anything to do with the latter's death.

Dr. P. S. Waters in a report under date of November 19, 1934, stated that he visited Mr. Schaffenacker each day during his illness; that after his fall he stated he was not injured and was able to ride home, and that he went about his work the balance of the day and on October 17th, 18th and 19th and that he, Dr. Waters, did not know that Mr. Schaffenacker was suffering to any extent from the result of his fall; that on the evening of October 20th Mr. Schaffenacker suffered a stroke and was at that time treated by Dr. George Rooney.

The court does not believe that claimant has sustained the burden of proof of showing that the death of Mr. Schaffenacker arose out of and in the course of his employment.

Further than this, Sub-section 8 of Section 3 of the Workmen's Compensation Act excludes from participation in awards under the Act, those engaged in any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising—or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered. The activities of Mr. Schaffenacker, as head farmer, as disclosed by the record, all indicate that he would fall within the excepted class.

From a consideration of the entire record, petitioner's claim is rejected, award denied and the claim dismissed.